1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendant
7  Mann Bracken, LLP

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                          WESTERN DIVISION

12  
    ANTHONY MAGNONE and              )  CASE NO.  CV09-6375 GAF (CWx)
13  RANDAL KINNUNEN, Individually    )
    and on Behalf of All Others Similarly )
14  Situated,                        )  **NOTICE OF MOTION AND MOTION**
                                     )  **TO DISMISS BY DEFENDANT**
15           Plaintiffs,             )  **MANN BRACKEN LLP;**
                                     )  **MEMORANDUM IN SUPPORT**
16       vs.                         )
                                     )
17  ACCRETIVE LLC; AGORA FUND I      )  Date:        October 26, 2009
    GP; AXIANT, LLC; MANN            )  Time:        9:30 a.m.
18  BRACKEN, LLP; NATIONAL           )  Courtroom:   740
    ARBITRATION FORUM, INC.;         )
19  NATIONAL ARBITRATION             )  The Honorable Gary A. Feess
    FORUM, LLC; DISPUTE              )
20  MANAGEMENT SERVICES, LLC         )
    d/b/a FORTHRIGHT SOLUTIONS;      )
21  DOES 1-10, inclusive,            )
                                     )
22           Defendants.             )
    _____    )

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 26, 2009 at 9:30 a.m. in courtroom 740 of the above Court, located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012, California, the Honorable Gary A. Feess presiding, defendant Mann Bracken, LLP ("Mann Bracken") will and hereby does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures, dismissing the state law claims asserted against Mann Bracken.

This motion is made following a meet and confer between counsel for Mann Bracken and counsel for Plaintiffs which occurred on September 23, 2009.

This motion is made on the grounds that all of the state law claims asserted by Plaintiffs against Mann Bracken are based upon statements allegedly made in connection with arbitration proceedings and are therefore barred as a matter of law by the California litigation privilege.  The Rosenthal Act claim against Mann Bracken also fails because Mann Bracken is a law firm, and the Rosenthal Act does not apply to attorneys at law.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.

DATED: September 28, 2009
           SIMMONDS & NARITA LLP
           TOMIO B. NARITA
           JEFFREY A. TOPOR


           By: s/Tomio B. Narita
             Tomio B. Narita
             Attorneys for Defendant
             Mann Bracken, LLP

# POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Anthony Magnone and Randal Kinnunen ("Plaintiffs") made charges on their credit cards and then stopped making payments. Their creditors retained the attorneys at Mann Bracken to recover the unpaid balance on the accounts by filing claims against Plaintiffs in the National Arbitration Forum ("NAF"), the arbitration provider specified in the cardholder agreements.

Plaintiffs do not explain what happened during their arbitration proceedings. They do not say they had a defense to the claims asserted against them. They do not allege that the arbitrator refused to hear their evidence. All the Plaintiffs tell us is that they lost, and that arbitration awards were issued against them.

Plaintiffs do not claim that Mann Bracken sought to confirm the arbitration awards. Nor does the Complaint allege that Plaintiffs petitioned to vacate or modify the awards. Instead, relying on snippets of things they read in Business Week, and upon allegations made in cases filed in Minnesota and San Francisco, Plaintiffs filed this lawsuit, claiming that NAF arbitrations are unfair to consumers generally.

Once the aspersions and conclusory allegations are put to the side, the claims made against Mann Bracken are narrow, and rely solely upon statements allegedly made by the firm in connection with the NAF arbitration proceedings. The California Supreme Court has repeatedly held that all statements made in judicial or quasi-judicial proceedings (including private contractual arbitrations) are privileged and may not support a claim against the speaker. All of the state law claims asserted against Mann Bracken are barred by the privilege and must fail

If Plaintiffs have a basis for challenging what happened in the arbitration proceedings filed against them, Plaintiffs must follow the procedures provided by federal or state law for doing so. But they cannot sue the lawyers retained by their creditors under California law based upon things those lawyers allegedly said in connection with the arbitrations.

The state law claims asserted against Mann Bracken must be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice and without leave to amend.

## II.  ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that Mann Bracken is a law firm that "resulted from the merger of three large debt-collection law firms: California-based Eskanos & Adler, Georgia-based Mann Bracken, and Maryland-based Wolpoff & Abramson." *See* Complaint ¶ 30. Mann Bracken allegedly filed arbitration claims on behalf of its clients against Plaintiffs in the NAF during the year 2008. *Id.* at ¶¶ 21-22.

When it initiated NAF arbitration proceedings, Mann Bracken allegedly "mailed a 'Notice of Arbitration,' provided by NAF, to the consumer." *Id*. at ¶¶ 7-8, 46. The Notice of Arbitration allegedly contained false statements about the NAF and the arbitrations it conducted. *Id*. at ¶¶ 46, 47.

The Complaint does not describe anything Mann Bracken allegedly said or did during the NAF arbitration proceedings filed against Plaintiffs. The Complaint suggests that during certain, unspecified arbitration proceedings, the evidence submitted by Mann Bracken was not sufficient to support the arbitrator's award. For example, Plaintiffs allege that awards were entered despite the fact that Mann Bracken failed to prove the existence of an arbitration agreement between the creditor and the consumer, failed to prove it was lawfully authorized to collect a debt, or failed to prove that a debt existed at all. *Id*. ¶ 56. But Plaintiffs do <u>not</u> allege that any of this occurred during <u>Plaintiffs</u>' arbitration proceedings.

## III.  ARGUMENT

### A.  Standards Governing Motions To Dismiss

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged under a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule

12(b)(6) motion, Plaintiffs must, "at a minimum, plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 1122 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).

As the Supreme Court explained in *Twombly*, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In a subsequent decision, the Supreme Court observed:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*See Aschroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Only complaints that state "a plausible claim for relief" can survive a motion to dismiss. *Id.* The determination of whether a plausible claim for relief has been stated is "a context-specific task" that requires a court to "draw on its judicial experience and common sense." *Id.*

### B. The State Law Claims Are Barred By The Litigation Privilege

#### 1. The Litigation Privilege Is Absolute And Applies To All Claims Based On Arbitration Communications

Plaintiffs assert state law claims against Mann Bracken for alleged violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1761, *et. seq.*, breach of contract, the California Rosenthal Act, Cal. Civ. Code § 1788.17, and sections 17500 and 17200 of the California Business & Professions Code. The claims are based upon statements made by Mann Bracken in connection with the NAF arbitration proceedings. The litigation privilege bars the state law claims.

"For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified

as section 47(b)." *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993).[1]  The principal purpose of the privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (citations omitted).  The contours of the privilege were described by the California Supreme Court in *Silberg* as follows:

> The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

*Id.* at 212.

Since the application of the privilege is essential to ensuring the integrity of the judicial process, California courts have given the privilege an expansive reach, using it to bar both statutory and tort causes of action, with a single exception for malicious prosecution suits.  *See Silberg,* 50 Cal. 3d at 215-16.[2]

The state law claims are all based on the contents of the Notice of Arbitration served by Mann Bracken in connection the arbitration proceedings.  *See* Complaint at ¶ 46.  But the California Supreme Court has held that litigation privilege applies to statements made in connection with private contractual arbitration proceedings.  *See Moore v. Conliffe*, 7 Cal. 4th 634, 647-49 (1994) (privilege barred claims based on testimony given during private arbitration); *see also Ribas v. Clark*, 38 Cal. 3d 355,

---

[1] Section 47(b) of the California Civil Code provides in relevant part as follows: "A privileged publication or broadcast is one made: . . . (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law . . . ."  Cal. Civ. Code § 47(b).

[2] *See also Jacob B. v. County of Shasta*, 40 Cal. 4th 948 (2007) (privilege barred constitutional right of privacy claim); *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 831-32 (2003) (privilege barred class claims asserted under Cal. Bus. & Prof. Code § 17200); *Rubin*, 4 Cal. 4th at 1200-04 (privilege barred claim for alleged violations of Cal. Bus. & Prof. Code § 17200).

364-65 (1985) (privilege barred claim for damages arising from testimony given at arbitration).

The Notice of Arbitration allegedly served by Mann Bracken is a form of pleading, and the contents of all pleadings in any litigation are privileged. *See, e.g., Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006) (privilege applies to false or perjurious testimony or pleadings); *Rubin*, 4 Cal. 4th at 1195 (privilege barred claims based on contents of pleadings and amended pleadings).

It is irrelevant that Plaintiffs have couched their state law claims against Mann Bracken under different statutory and common law labels. All of the claims are barred. The California Supreme Court has repeatedly emphasized the compelling public policy reasons why no claim – be it statutory, common law, or even **constitutional** – can trump the privilege. *See Jacob B.*, 40 Cal. 4th at 962 (privilege barred constitutional invasion of privacy claim because it furthers "the vital public policy of affording free access to the courts and facilitating the crucial functions of the finder of fact.") (citations omitted).[3] The privilege applies to all of the state law claims, regardless of the "label" used by Plaintiffs. *Id.*

### 2. The Rosenthal Act Claim Is Not Exempted From The Litigation Privilege

Mann Bracken expects Plaintiffs will argue that their Rosenthal Act claim under section 1788.17 of the California Civil Code should be exempted from the bar of the litigation privilege. This argument fails.

The California Supreme Court has recognized narrow exceptions to the litigation privilege in rare cases where a plaintiff seeks to enforce a statute that "is

---

[3] *See also Rusheen*, 37 Cal. 4th at 1064 (privilege encourages attorneys to zealously protect their clients' interests: "It is desirable to create an absolute privilege ... not because we desire to protect the shady practitioner, but because we do not want the honest one to have to be concerned with [subsequent derivative] actions . . .") (citations omitted); *Silberg*, 50 Cal. 3d at 215 (rejecting the "interests of justice" exception to the privilege: "To effectuate its vital purposes, the litigation privilege is held to be absolute in nature.") (citations omitted).

1  **more specific** than the litigation privilege **and would be significantly or wholly**
2  **inoperable** if its enforcement were barred when in conflict with the privilege."
3  *Action Apartment Assoc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1246 (2007)
4  (emphasis added) (noting statutes relating to perjury and attorney misconduct had
5  been exempt from privilege); *see also Komarova v. National Credit Acceptance, Inc.*,
6  175 Cal. App. 4th 324 (2009).  But section 1788.17 of the Civil Code is not more
7  specific than the litigation privilege, nor would section 1788.17 be rendered
8  significantly inoperable if the privilege were to apply in the context of this case.

9        Section 1788.17 of the Rosenthal Act does <u>not</u> expressly regulate a collector's
10 communications in connection with arbitration claims.   Rather, section 1788.17
11 incorporates by reference subsections of the federal statute governing debt collection,
12 the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. ("FDCPA").  *See*
13 Cal. Civ. Code § 1788.17.[4]  Here, Plaintiffs claim that statements made by Mann
14 Bracken in the Notice of Arbitrations violated section 1692e and 1692f of the
15 FDCPA.  *See* Complaint ¶ 90.  Neither of those subsections specifically regulate the
16 contents of a notice of arbitration.  *See* 15 U.S.C. §§ 1692e, 1692f; *see also*
17 Complaint ¶ 46.

18       Mann Bracken recognizes that district courts in California, including this
19 Court, have come to different results in deciding whether a particular Rosenthal Act
20 claim is barred by the litigation privilege.  *See, e.g., Reyes v. Kenosian & Meile*, 525
21 F. Supp. 2d 1158 (N.D. Cal. 2007) (privilege barred Rosenthal Act claim based on
22 allegations made in complaint); *Nickoloff v. Wolpoff & Abramson*, 511 F. Supp. 2d

---

24     [4] Section 1788.17 provides in relevant part as follows: "Notwithstanding any other
25 provision of this title, every debt collector collecting or attempting to collect a consumer
26 debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and
shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.
27 However, subsection (11) of Section 1692e and Section 1692g shall not apply to any
28 person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title
15 of the United States Code or that person's principal." *See* Cal Civ. Code §1788.17.

1043 (C.D. Cal. 2007) (privilege barred Rosenthal Act claim based on law firm's alleged proffer of insufficient evidence during NAF arbitration proceeding); *Taylor v. Quall*, 458 F. Supp. 2d 1065, 1067-68 (C.D. Cal. 2006) (privilege barred Rosenthal Act claim based upon allegedly false statements made in collection litigation).[5] While none of these decisions are binding, Mann Bracken submits that the opinions in *Reyes* and *Nickoloff* are persuasive here.

The *Reyes* court concluded that the Rosenthal Act does not regulate the contents of complaints and other papers filed in collection litigation, and therefore was not irreconcilable with the litigation privilege:

> **The [Rosenthal Act] does not explicitly regulate the content of complaints or other pleadings that are transmitted in connection with an actual legal proceeding and only prohibits the use of the courts as a means to collect a debt in a few specific ways, none of which are at issue here**. See Sections 1788.15(a), (b) (proscribing a debt collector's use of judicial proceedings with knowledge that service of process has not been legally effected, and proscribing the debt collector's use of judicial proceedings in counties other than where the debtor incurred the debt or resides); Section 1788.16 (proscribing a debt collector's simulation of a "legal or judicial process" in collecting a debt). **The application of the litigation privilege to the communication at issue in this case would not, therefore, vitiate the [Rosenthal Act] and render it meaningless as was found in *Oei*.**

*Reyes*, 525 F. Supp. 2d at 1164 (emphasis added).

In *Nickoloff*, plaintiff alleged that the Wolpoff & Abramson firm violated the Rosenthal Act when it obtained an NAF arbitration award without submitting sufficient evidence to support the claim. *See Nickoloff*, 511 F. Supp. 2d at 1045. Citing *Moore* and *Silberg*, this Court noted that the litigation privilege "is applicable to any communication made during an arbitration proceeding (Citations)." *Id.* The privilege and the Rosenthal Act were not irreconcilable in the context of that case, and this Court granted judgment on the pleadings for defendant on the Rosenthal Act claim. *Id.*

---

[5] *But see Mello v. Great Seneca Financial Corp*, 526 F. Supp. 2d 1024 (C.D. Cal. 2007); *Butler v. Resurgence Financial, LLC*, 521 F. Supp. 2d 1093 (C.D. Cal. 2007); *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006).

1  Here, as in *Reyes* and *Nickoloff*, the Rosenthal Act claim is based on pleadings
2  submitted in the NAF arbitration proceedings. The claim does not fall within the
3  narrow exception to the privilege recognized by the California Supreme Court in the
4  *Action Apartments* case. Civil Code section 1788.17 does not expressly regulate
5  statements made in connection with arbitration claims, and is not more specific than
6  the litigation privilege. Nor would section 1788.17 be rendered significantly
7  inoperable if the privilege applied in the narrow circumstances presented here.
8  Section 1788.17 prohibits a host of improper debt collection conduct and
9  communications which are wholly unrelated to the service of a notice of arbitration.
10  The Rosenthal Act claim is barred by the privilege and must fail.

### C. The Rosenthal Act Claim Also Fails Because The Act Does Not Apply To Attorneys

Plaintiffs claim under the Rosenthal Act also fails because Mann Bracken is a law firm (*see* Complaint ¶ 30), and the Act does not apply to attorneys. The Rosenthal Act "explicitly excludes attorneys from the definition of 'debt collectors' . . . ." *Reyes*, 525 F. Supp. 2d at 1164; *see* Cal. Civ. Code § 1788.2(c) ("The term 'debt collector' . . . does not include an attorney or counselor at law.").

For this independent reason, the Rosenthal Act claim should be dismissed, without leave to amend, as to Mann Bracken.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

Plaintiffs' state law claims are barred by the litigation privilege because they are based upon communications allegedly made by Mann Bracken in connection with arbitration proceedings. The Rosenthal Act does not apply to attorneys. The motion to dismiss the state law claims should be granted, without leave to amend.

DATED: September 28, 2009       SIMMONDS & NARITA LLP
                                TOMIO B. NARITA
                                JEFFREY A. TOPOR


                                By:  s/Tomio B. Narita
                                     Tomio B. Narita
                                     Attorneys for Defendant
                                     Mann Bracken, LLP